SWIFT AND COMPANY (INC.), Appellant, v. BANKERS TRUST COMPANY, Defendant, Appellant, Respondent, and I-C BANK AND TRUST COMPANY and CENTRAL HANOVER BANK & TRUST COMPANY, Impleaded Defendants, Respondents.

Present — Martin, P. J., O'Malley, Townley and Glennon, JJ.; Martin, P. J., dissents; dissenting opinion by Martin, P. J.

MARTIN, P. J. (dissenting). The validity of the drawing, making, indorsements and acceptance of a negotiable instrument as regards requisites of form and interpretation, is determined, generally, by the law of the place where the contract is made. This general rule contemplates that the place of making the contract and the place of payment of the instruments are the same. However, where the place of payment differs from both the place of making and indorsement, the law of the place of payment is controlling. The defendant Bankers Trust Company accepted the plaintiff's deposit and agreed to repay at New York on demand. The obligation of the defendant bank, therefore, must be determined by New York law. It is fundamental that a contract is governed by the law of the place of performance, unless a contrary intention is apparent.

In *Hibernia National Bank* v. *Lacombe* (84 N. Y. 367) it was held that the drawer of a check undertakes that the drawee will be found at the place where he is described to be, and that the sum specified will there be paid to the holder when the check is presented, and if not so paid, and he is notified, he becomes absolutely bound to pay at the place named, and the rights of the parties are to be governed by the laws of the place of payment. The Court of Appeals, in *Amsinck* v. *Rogers* (189 N. Y. 252, at p. 263), reiterated the rule laid down in the *Hibernia Bank* case.

In *Moulis* v. *Owen* (L. R. [1907] 1 K. B. 746) the defendant gave to the plaintiff in Algiers a check drawn by him on an English bank, partly in payment of money loaned by the plaintiff to the defendant to enable the defendant to play baccarat in a club at Algiers and, as to the balance, to be applied by the plaintiff in discharging debts incurred by the defendant when playing at baccarat in the club. The consideration of the check was legal according to the law of France. It was held that the transaction was governed by English law and no recovery could be had on the check.

The orders denying plaintiff's motion for summary judgment and granting the defendant Bankers Trust Company's motion for summary judgment, and the judgment dismissing plaintiff's complaint, with costs, should be reversed; the answer of the defendant Bankers Trust Company should be stricken out and

judgment directed in favor of the plaintiff as prayed for in the complaint, with costs; the motion of the Bankers Trust Company to strike out answers to its cross-complaint should be granted; and judgment in favor of the Bankers Trust Company on its cross-complaint should be granted.